IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY CHANDLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:23-cv-1302-RJD[1] |
| | ) |
| WALMART, INC., d/b/a SAM'S CLUB, | ) |
| and RUSHDI BEDWAN, Individually | ) |
| and as Owner of R & J BEDWAN, INC., | ) |
| d/b/a R & J LIQUOR, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**DALY, Magistrate Judge:**

This matter comes before the Court on Plaintiff's Motion to Remand to State Court (Doc. 34) and Defendant Bedwan's Motion to Set Aside Default Entry (Doc. 39). For the reasons set forth below, the Court **GRANTS** Plaintiff's Motion to Remand to State Court (Doc. 34). Because this case is remanded to the 20th Judicial Circuit, St. Clair County, Illinois, this Court lacks jurisdiction to rule on Defendant Bedwan's Motion to Set Aside Default Entry (Doc. 39).

## BACKGROUND

On March 27, 2023, Plaintiff filed this Complaint in the Circuit Court of St. Clair County, Illinois, bringing a state claim for premises liability against Defendant Walmart, Inc., d/b/a Sam's Club ("Walmart"). (Doc. 1-2). Plaintiff is a citizen of the State of Illinois. (Doc. 1). Defendant Walmart is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Arkansas. (*Id.*). On April 20, 2023, Defendant Walmart removed this case to the United States District Court for the Southern District of Illinois pursuant to 28

---

[1] This case was assigned to the undersigned for final disposition upon consent of the parties pursuant to 28 U.S.C. § 636(c) (Docs. 14 & 45).

U.S.C. § 1446(a) and based on diversity of citizenship under 28 U.S.C. § 1332. (Doc. 1). On July 24, 2023, Plaintiff filed an Amended Complaint adding a count of negligence liability against Defendant Rushdi Bedwan, individually and as Owner of R & J Bedwan, Inc., d/b/a R & J Liquor. (Doc. 31). Defendant Rushdi Bedwan resides in Belleville, Illinois. (*Id.*). R & J Bedwan, Inc., d/b/a R & J Liquor, is an Illinois Corporation with its principal place of business being 3901 North Belt West, Belleville, Illinois 62226. (*Id.*). Defendants did not file a responsive pleading to the Amended Complaint. On August 11, 2023, Plaintiff filed a Motion to Remand to State Court seeking that this case be remanded back to the Circuit Court of St. Clair County, Illinois, for lack of complete diversity because both Plaintiff and Defendant, R & J Bedwan Inc., d/b/a R & J Liquor, are citizens of the State of Illinois. (Doc. 34). Defendants did not respond to the motion. On November 28, 2023, while the Motion to Remand to State Court was still pending, Plaintiff filed a Motion for Entry of Default against Defendant Bedwan for his failure to file a responsive pleading to the Amended Complaint. (Doc. 37). On November 29, 2023, the Clerk of Court entered Defendant Bedwan's default. (Doc. 38). On the same day, Defendant Bedwan filed a Motion to Set Aside the Entry of Default. (Doc. 39).

## LEGAL STANDARD

Pursuant to 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Under 28 U.S.C. § 1332, a federal district court has original subject matter jurisdiction over actions involving complete diversity between the parties where the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(1); *LM Ins. Corp. v. Spaulding Enters. Inc.*, 533 F.3d 542, 547 (7th

2

Cir. 2008). Complete diversity means that "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen." *Howell v. Tribune Entertainment Co.*, 106 F.3d 215, 217 (7th Cir. 1997) (citations omitted). However, under the doctrine of "fraudulent joinder," a plaintiff is prohibited from joining a non-diverse defendant in an action simply to destroy diversity jurisdiction. *Schwartz v. State Farm Mut. Auto. Ins. Co.*, 174 F.3d 875, 878 (7th Cir. 1999); *Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir. 1993). If the removing defendant establishes fraudulent joinder, the district court considering removal may "disregard, for jurisdictional purposes, the citizenship of certain non-diverse defendants, assume jurisdiction over a case, dismiss the non-diverse defendants, and thereby retain jurisdiction." *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 763 (7th Cir. 2009). The party seeking removal has the burden of proof as to the existence of jurisdiction. *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006); *see also Anglin v. Bristol-Myers Squibb Co.*, No. 12-60, 2012 WL 1268143, at *1 (S.D. Ill. April 13, 2012). "'Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum.' Put another way, there is a strong presumption in favor of remand." *Fuller v. BNSF Ry. Co.*, 472 F. Supp. 2d 1088, 1091 (S.D. Ill. 2007) (quoting *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)); *Kalbfleisch ex rel. Kalbfleisch v. Columbia Cmty. Unit School Dist. Unit No. 4*, 644 F. Supp. 2d 1084, 1087 (S.D. Ill. 2009). "Doubts concerning removal must be resolved in favor of remand to the state court." *Alsup v. 3-Day Blinds, Inc.*, 435 F. Supp. 2d 838, 841 (S.D. Ill. 2006). For purposes of diversity, a corporation is a citizen of both the state where it is incorporated and the state where it maintains its principal place of business. *Metropolitan Life Ins. Co. v. Estate of Cammon*, 929 F.2d 1220, 1223 (7th Cir. 1991).

## ANALYSIS

Here, Plaintiff is a citizen of the State of Illinois.  Defendant Bedwan resides in Belleville, Illinois, thus being a citizen of the State of Illinois.  R & J Bedwan, Inc., d/b/a R & J Liquor, is an Illinois Corporation with its principal place of business being 3901 North Belt West, Belleville, Illinois 62226, thus also being a citizen of the State of Illinois.  Defendants have not responded to Plaintiff's Motion to Remand to State Court, have not claimed that defendant Bedwan was fraudulently joined to the action solely for purposes of destroying diversity jurisdiction, and have not otherwise opposed the motion.  Thus, the Court finds that complete diversity has been destroyed, and the Court lacks subject matter jurisdiction.

## CONCLUSION

For these reasons, Plaintiff's Motion to Remand to State Court (Doc. 34) is **GRANTED**.  This action is **REMANDED** to the 20th Judicial Circuit, St. Clair County, Illinois, for lack of subject matter jurisdiction.  Because this case is remanded to the state court, this Court lacks jurisdiction to rule on Defendant Bedwan's Motion to Set Aside Default Entry (Doc. 39).  All deadlines and hearings are **CANCELLED**.  The Clerk of Court is **DIRECTED** to transmit a certified copy of this Order to the Circuit Clerk of that state court and to close this case.

**IT IS SO ORDERED.**

DATED:  December 7, 2023

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**